COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Malveaux and Fulton
Argued at Fredericksburg, Virginia


BOARD OF SUPERVISORS OF RAPPAHANNOCK
 COUNTY

v.      Record No. 1432-22-4

JOSEPH B. LONG, ET AL.                              MEMORANDUM OPINION[*] BY
                                                   JUDGE ROBERT J. HUMPHREYS
                                                       AUGUST 15, 2023

JEREMIAH J. ATKINS

v.      Record No. 1451-22-4

JOSEPH B. LONG, ET AL.


                 FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
                              Jeanette A. Irby, Judge

                 Robert T. Mitchell, Jr. (Hall, Monahan, Engle, Mahan & Mitchell, on
                 briefs), for Board of Supervisors of Rappahannock County.

                 David L. Konick for Jeremiah J. Atkins.

                 William D. Ashwell (Ashwell & Ashwell, PLLC, on briefs), for
                 Joseph B. Long and John Cappiali.


        The Board of Supervisors of Rappahannock County (the "Board") and Jeremiah J. Atkins

(Atkins) appeal the judgment of the circuit court reversing the Board's denial of Joseph B. Long and

John Cappiali's application for a special exception permit to operate a contractor's yard.  On appeal,

the Board and Atkins argue that the circuit court erred by ruling that Long and Cappiali rebutted the

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

presumptive validity of the Board's decision and that the Board's decision to deny the application was not fairly debatable.

BACKGROUND

Long owns an agriculturally-zoned property lot in Rappahannock County along Route 211 (the "property"). On May 29, 2018, Long authorized Cappiali to "in any way or manner deal with" the property on his behalf. Cappiali resided at the property and used it in connection with the operation of his general contractor business.

In early 2018, the Rappahannock County Zoning Administrator (the "Administrator") received complaints that Long and Cappiali were operating the property as a "junkyard." On October 30, 2018, the Administrator inspected the property and subsequently issued a notice of violation to Long and Cappiali because their use of the property violated the Rappahannock County zoning ordinance (the "zoning ordinance"). Specifically, the Administrator found that there were more commercial vehicles on the property than the zoning ordinance permitted, that the equipment on the property "vastly exceed[ed] what would be customarily found in a residential or agricultural use," and that Long and Cappiali were operating a contractor's yard without a special exception permit.[1] The Administrator advised Long and Cappiali that they "may" be able to resolve these issues by applying for a special exception permit to operate a contractor's yard on the property.

On January 25, 2019, Cappiali filed an application with the Rappahannock County Zoning Office requesting a special exception permit to operate a 2.62-acre contractor's yard on the property (the "permit application"). The permit application included a letter from Long and Cappiali to the Administrator informing her that they intended to construct two buildings on the property, one to

---

[1] The zoning ordinance defines "contractor's offices, shops and materials storage yards" as "[e]stablishments for the construction and/or repair of buildings, road and utility lines; installation and servicing of heating, cooling and electrical equipment; flooring; painting, plumbing, roofing and tiling; and/or excavating." Rappahannock County Code § 170-8.

"supply covered storage" and another two-story building to "serve as a shop and covered storage." The permit application further included construction plans and permits for the proposed buildings.

On November 20, 2019, the Rappahannock County Planning Commission (the "Planning Commission") held a public hearing on whether it should recommend that the Board approve the permit application. Atkins, who lived across from the property, requested that the Planning Commission recommend that the Board deny the permit application because one of the proposed buildings "would be one of the five largest structures in the [c]ounty" and other such structures were located in commercial or industrial zoning districts. Atkins further argued that the permit application did not comply with Rappahannock County's Comprehensive Land Use Plan (the "comprehensive plan"). Relevant to this case, principle seven of the comprehensive plan states that Rappahannock County is a "scenic county" and that one of its principles is to "[p]romote only economic growth that assists in maintaining [its] existing balance and is compatible with the environmental quality and rural character and does not adversely affect active farm operations, forestry operations, residential neighborhoods, the tourist industry, and the county's fiscal stability."

Other citizens present at the Planning Commission hearing also objected to the permit application because the property "was very visible at the entry to" Rappahannock County, the proposed contractor's yard would reduce the value of nearby properties, and granting the permit application would convert farmland "to a use that had nothing to do with farming." The owners of three adjacent properties also submitted letters in opposition to the permit application because granting the application would reduce the value of their properties. At the conclusion of the hearing, the Planning Commission unanimously recommended that the Board deny the permit application "[b]ased on concerns of economic impact on the residential community of where the property is located, changing of the rural character of neighborhood, potential adverse impact of the tourist industry of the county fiscal stability, environmental issues, property located on a scenic

- 3 -

entry way of the county." The Planning Commission also cited principle seven of the comprehensive plan in support of its recommendation.

On March 2, 2020, the Board held a public hearing on the permit application. At the hearing, Cappiali stated that his work had "contributed to the county and to the property," and "stressed the importance" of fostering small family businesses. Atkins argued that granting the permit application would adversely affect neighbors, use of adjoining properties, and reduce agricultural land in violation of the comprehensive plan. Other citizens argued that the property was not a proper location for a contractor's yard. The Board unanimously denied the permit application "based on the general standard pertaining to special exception permits under § 170-52 of the zoning ordinance, including subsections A & E and incorporating by reference the Planning Commission's prior recommendation for denial."

On March 10, 2020, Long and Cappiali appealed the Board's decision to the circuit court arguing that their proposed use of the property complied with both the zoning ordinance and the comprehensive plan and would not negatively impact other properties. Atkins filed a motion to intervene in the appeal, which the circuit court granted.

At the appeal hearing, Long and Cappiali introduced testimony from the Administrator. The Administrator explained that she presented the permit application to the Board along with the Planning Commission's recommendation. She further explained that she did not present any additional "data or facts" to the Board regarding the proposed use of the property but noted that the Board members were familiar with the property and heard from members of the community. The Administrator also testified that the property is located at a scenic entryway into Rappahannock County.

Long and Cappiali also introduced testimony from Garrey Curry, the Rappahannock County Administrator and the Board's clerk, who similarly testified that his office did not undertake "any

particular research, investigation," or "data collection," to assist the Board in making its decision. Curry further testified that the property is visible from Route 211.

Cappiali testified that the area in which the proposed contractor's yard would be located is not visible from Route 211. Cappiali acknowledged that two members of the Planning Commission and three Board members had visited the property previously. Additionally, Cappiali testified that the Planning Commission's minutes were "inaccurate" because they did not include additional statements made at the hearing and claimed that the Planning Commission recommended that the Board deny the permit application solely on the basis that its approval would "harm the viewshed."[2] Cappiali further testified that no "data or facts" were presented to the Board to support its decision and that the Board's minutes included additional reasons in support of its decision that were not discussed at its public hearing.

At the conclusion of Long and Cappiali's case-in-chief, the Board and Atkins moved to strike the appeal on the basis that Long and Cappiali failed to rebut the presumptive validity of the Board's decision. The circuit court found that Long and Cappiali rebutted the presumption and denied the motion to strike. Thereafter, the Board introduced testimony from the Zoning Administrator and Curry, who both testified that the Planning Commission's and Board's minutes were accurate.

The Board also introduced testimony from Keir Whitson, the member of the Board who moved to deny the permit application; he also testified that the Board's minutes were accurate. Supervisor Whitson testified that he visited the property twice while considering the permit application and described it as both a "junkyard" and "a gathering place for . . . a random collection of equipment and other things." He explained that he "had no confidence [the property] would be a

---

[2] Cappiali conceded, however, that he did not remember all of the reasons for which the Planning Commission recommended that the Board deny the permit application.

contained contractor's yard," that the proposed location of the contractor's yard could be seen from Route 211, and that granting the permit application would have an "immediate and long-lasting adverse effect on any neighboring property in the entire area."[3] Supervisor Whitson also testified that the property is located at the "primary scenic gateway" into Rappahannock County that "tourists really appreciate" and that he had "a responsibility to do everything possible not to undermine the revenue that comes from tourism."

In closing, the Board and Atkins argued that Long and Cappiali failed to prove that the Board unreasonably denied the permit application because the record and Supervisor Whitson's testimony supported its decision. The Board and Atkins further argued that the evidence showed that whether to grant the permit application is a fairly debatable question and that, as such, the Board's decision "must be sustained."

Noting that the circuit court had previously found that they had rebutted the presumptive validity of the Board's decision, Long and Cappiali argued that the Board and Atkins failed to introduce evidence showing that the Board's decision to deny the permit was fairly debatable. They contended that no evidence had been introduced showing that granting the permit application would impact neighboring properties or would result in a "scenic impact." They further argued that Supervisor Whitson's testimony did not include any substantive basis for the Board's decision.

After considering the evidence and the arguments of the parties, the circuit court ruled that the Board's denial of the permit application was "arbitrary, capricious and unreasonable" and that the Board's decision was not fairly debatable. In support of its ruling, the circuit court found that no evidence showed that granting the permit application would adversely affect the use of any neighboring property and no "credible evidence" that the contractor's yard would be visible to an

---

[3] Supervisor Whitson testified that the property is situated lower than Route 211, which is "somewhat elevated," and that "basically the whole property" could be seen from Route 211.

- 6 -

adjoining landowner.[4]  As to the complaints regarding the conversion of farmland, the circuit court

found that non-farm uses were allowed on the property with a special exception permit.  The circuit

court also found that Supervisor Whitson "did not provide any additional information or relevant

evidence" supporting the Board's decision.  The circuit court subsequently reversed the Board's

decision and ordered it to grant the permit application.  The Board and Atkins appeal.

ANALYSIS

On appeal, the Board and Atkins contend that the circuit court erred by ruling that Long and

Cappiali rebutted the presumptive validity of the Board's decision and that the Board's decision to

deny the permit application was not fairly debatable.  As we recently held in *Manors, LLC v. Board

of Supervisors*, 76 Va. App. 737, 750 (2023):

> Granting or denying a special exception is a legislative action,
> which courts review under the "fairly debatable" standard.  *Cnty.
> Bd. of Arlington v. Bratic*, 237 Va. 221, 227 (1989).  "A legislative
> act involves the 'balancing of the consequences of private conduct
> against the interests of public welfare, health, and safety.'"
> *Helmick* [*v. Town of Warrenton*], 254 Va. [225,] 229 [(1997)]
> (quoting *Bd. of Supervisors v. Southland Corp.*, 224 Va. 514, 522
> (1982)).  We presume that all legislative acts are reasonable.
> *Bratic*, 237 Va. at 227.  But if a petitioning property owner
> presents "probative evidence of unreasonableness," he defeats that
> presumption.  *Id.*  A board then bears the burden to present
> evidence that the decision was reasonable.  *Id.*  If that evidence
> shows that the decision was at least "fairly debatable," then the
> legislative act is valid and must be upheld.  *Id.*  A decision is fairly
> debatable if "the evidence offered in support of the opposing views
> would lead objective and reasonable persons to reach different
> conclusions."  *Id.* (quoting *Bd. of Supervisors v. Jackson*, 221 Va.
> 328, 333 (1980)).

---

[4] In support of its finding that no "credible evidence" showed that the proposed contractor's yard would be visible to an adjoining landowner, the circuit court found that "[t]he adjoining landowner . . . did not testify."  As the record shows that three "adjacent" landowners submitted letters to the Planning Commission in opposition to the permit application, the circuit court appears to have misunderstood the nature of the proceeding.

We assume, without deciding, that Long and Cappiali met their initial burden and produced probative evidence showing that the Board unreasonably denied the permit application. As a result, the question before the Court is whether the Board and Atkins produced evidence sufficient to allow any objective and reasonable person to conclude that the Board reasonably denied the permit application. *Id.* The Board and Atkins argue that they did, and we agree.

Long and Cappiali contend that the evidence failed to show that the Board reasonably denied the permit application and that they "created a record which the Board could not . . . rebut." In support of their argument, they rely on evidence in the record suggesting that the Board unreasonably denied the permit application, the circuit court's finding that Supervisor Whitson "did not provide any additional information or relevant evidence," and the circuit court's conclusion that the Board's decision was "arbitrary and capricious." Long and Cappiali misunderstand the fairly debatable standard. As set forth above, the Board and Atkins did not need to persuade the circuit court that the Board reasonably denied the permit application, but rather only that an objective and reasonable person *could* conclude that it reasonably did so. *See id.* Moreover, the circuit court's findings do not diminish the presumptive validity of the Board's decision on appeal. *See Bd. of Supervisors v. Stickley*, 263 Va. 1, 6 (2002) (explaining a legislative action is presumed reasonable until this Court "holds with the trial court that the legislative action is unreasonable" (quoting *Jackson*, 221 Va. at 334)).

In this case, the Rappahannock County Code requires that a use must comply with ten requirements before the Board will grant a special exception permit. Rappahannock County Zoning Ordinance § 170-52. Relevant to this appeal, the code requires that the use "will not adversely affect the use or development of neighboring properties . . . or impair the value thereof." *Id.* § 170-52(A). Further, the proposed use must not "cause an undue impact on the historic or scenic qualities of the immediate area." *Id.* § 170-52(I). Finally, the use must not "be detrimental to the

implementation of the adopted Comprehensive Plan, including the goals contained therein." *Id.* § 170-52(J). The comprehensive plan states that Rappahannock County is a "scenic county" and that one of its land use principles is to "[p]romote only economic growth" that is "compatible with" its "rural character" and that "does not adversely affect . . . the tourist industry."

At the hearing, Supervisor Whitson testified that the property is located at the "primary scenic gateway" into Rappahannock County that "tourists really appreciate." Furthermore, both Supervisor Whitson and Curry testified that the location of the proposed contractor's yard is visible from Route 211. After visiting the property twice, Supervisor Whitson had "no confidence" that the property would be a "contained contractor's yard" and determined that granting the permit application would have an "immediate and long-lasting adverse effect on any neighboring property in the entire area." The record further shows that multiple landowners, including Atkins, informed the Planning Commission that granting the permit application would reduce the value of their properties, which the Planning Commission incorporated into its recommendation to the Board.[5]

Considering the evidence contained in the record, we find that an objective and reasonable person could conclude that the Board reasonably denied the permit application. As such, the Board's decision was fairly debatable and must be sustained. *Manors LLC*, 76 Va. App. at 750. Accordingly, we reverse the judgment of the circuit court and enter final judgment in favor of the Board and Atkins.[6]

---

[5] Notwithstanding Cappiali's testimony that the Board and Planning Commission's minutes were inaccurate, Long and Cappiali concede on appeal that "the record . . . was stipulated to by the parties" and "evidence to be considered by the trial court."

[6] As we conclude that the Board and Atkins introduced sufficient evidence to demonstrate that the Board's decision was fairly debatable, we do not consider their additional assignments of error. *See Moore v. Joe*, 76 Va. App. 509, 517 n.2 (2023) (noting that the Court must decide case on the best and narrowest grounds possible).

For the foregoing reasons, the circuit court's judgment is reversed.

*Reversed and final judgment.*